# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**KATHY LITTON,**
**Claimant Below, Petitioner**

**FILED**

May 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1259** (BOR Appeal No. 2045530)
                      (Claim Nos. 2008017288 & 2010126875)

**SUN HEALTHCARE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kathy Litton, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sun Healthcare, by Karin Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 11, 2011, in which the Board modified a December 30, 2010, Order of the Workers' Compensation Office of Judges to reflect that the claims administrator's order of December 1, 2009, is not reopened for the purpose of consideration of temporary total disability benefits. In its Order, the Office of Judges reversed the claims administrator's order of December 1, 2009, and ordered claim JCN 2008017288 to be reopened for consideration of temporary total disability benefits and approval for physical therapy. Also, on December 30, 2010, the Office of Judges issued an order affirming the claims administrator's order of March 11, 2010, denying the application for a new claim in claim number JCN 2010126875. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In this case, Ms. Kathy Litton was employed by Sun Healthcare and working as a CNA when she sustained an injury to her lumbar region on August 23, 2007, while assisting a resident from a wheelchair into a bed. The claim was held compensable on October 29, 2007, for strain/sprain of the lumbar region. Ms. Litton received medical benefits including physical therapy and pain medications. Ms. Litton was found to have 8% whole person impairment and eventually returned to work with restrictions, returning to work as a recreational aide instead of

1

as a CNA. On August 25, 2009, Ms. Litton alleged that she sustained an injury to her lower back while preventing a resident from falling out of a wheelchair.

On October 15, 2009, Ms. Litton completed an application to reopen her claim from 2007, claiming an aggravation and progression of her condition. On December 1, 2009, the BrickStreet claims administrator denied reopening the 2007 claim for temporary total disability and treatment based on the findings that Ms. Litton had suffered a new injury on August 25, 2009.

On February 26, 2010, Ms. Litton completed a report of a new injury for the August 25, 2009, incident to Broadspire, her employer's new insurance carrier. On March 11, 2010, the Broadspire claims administrator rejected the claim on the basis that the August 25, 2009, incident did not meet the compensability criteria.

The Office of Judges reversed the claims administrator's order of December 1, 2009, and granted a reopening of the 2007 compensable claim for temporary total disability and physical therapy treatment. The Office of Judges, also, affirmed the Broadspire claims administrator's order of March 11, 2010, denying that a definite isolated fortuitous occurrence qualified as a new and separate compensable injury.

The Office of Judges found that a preponderance of the evidence showed that Ms. Litton did not sustain a new injury on August 25, 2009. The Office of Judges found that the most persuasive evidence shows that Ms. Litton suffered an aggravation of her prior injury because her treating physician, Dr. Werntz, diagnosed a flare-up of sacroiliitis without an inciting incident. It was found that Ms. Litton had shown a prima facie cause for reopening the claim from the August of 2007 injury (claim number JCN 2008017288), because even after reaching maximum medical improvement, Ms. Litton had continued to have pain and had continued treatment of her symptoms. The Office of Judges found that since there was no evidence that Ms. Litton had missed any work as a result of her symptoms, that she was not entitled at this time to additional temporary total disability benefits.

The Board of Review found that the decision to reopen the 2007 claim (claim number JCN 2008017288) for the consideration of temporary total disability benefits was clearly wrong in view of the reliable, probative and substantial evidence that Ms. Litton had not missed any work due to her low back since August 25, 2009. Otherwise, the Board of Review affirmed as modified the Office of Judges's order of December 30, 2010, to reflect that the claims administrator's order of December 1, 2009, is not reopened for the purpose of consideration of temporary total disability. We agree with the Board of Review's decision to re-open the 2007 claim (claim number JCN 2008017288) and to allow Ms. Litton treatment in that claim. We, also, agree with the Office of Judges and Board of Review that in claim number JCN 2010126875, Ms. Litton has failed to demonstrate that on August 25, 2009, she sustained a definite isolated fortuitous occurrence which qualified as a new and separate compensable injury arising out of the course of her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 16, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II